IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MOLECULAR DIAGNOSTICS OF EASTERN OMAHA, LLC, n/k/a NEBRASKA ADVANCED RADIOLOGY,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **8:08CV248** |
| vs. | ) ) | **ORDER** |
| **RAJEEV BATRA,** | ) ) | |
| **Defendant.** | ) | |

This matter is before the court on plaintiff's Motion to Compel Discovery Responses (Doc. 34). Plaintiff has complied with the requirements of NECivR 7.0.1(i). It was necessary for plaintiff to file this motion because a settlement conference is set for August 11, 2009 and defendant has, on several occasions during the past eight months, assured both the court and plaintiff's counsel that the documents in question would be produced.

The court held a telephonic hearing on the morning of July 31, 2009, at which time defense counsel stated that the defendant would respond to the motion that day. The defendant did not respond to the motion. Instead, on the morning of Saturday, August 1, defense counsel sent an email to my chambers stating, "While, we did not file a response to Plaintiff's Motion, Defendant acknowledges Plaintiff's position and is working on the Discovery Requests."

The time for the defendant to "work" on responding to plaintiff's discovery responses expired two months ago. In its brief (Doc. 35 at p. 4/5), plaintiff advised that "Defendant has not provided a single document or tangible piece of evidence which support any of the allegations made by the Defendant," in his Answer, Affirmative Defenses, and Counterclaims. The case file amply supports

that statement, and the defendant's failure to provide any discovery whatsoever in this matter has made it impossible for the court to conduct the August 11 settlement conference.

The court has reviewed the plaintiff's requests for production of documents and finds that they are appropriate under Fed. R. Civ. P. 26(b).  The court further finds that, by failing to timely respond to the requests or to the motion to compel, the defendant has waived all objections to the discovery requests and that plaintiff's motion to compel should be granted in its entirety.

The defendant will be given until and including **August 11, 2009**, the date previously reserved for the parties' settlement conference, to produce each and every document that is responsive to the plaintiff's discovery requests.  The court does not believe that meeting this deadline will be of any substantial hardship to the defendant, as the documents serve as the basis of his claims and defenses and the defendant disclosed the existence of the documents in question back in December 2008[1], when he served Rule 26 Initial Disclosures (see Doc. 36 -2).

By removing this lawsuit to federal court and filing his Answer, Affirmative Defenses and Counterclaims, the defendant submitted himself to the jurisdiction, powers and procedures of the court, including the court's procedures for conducting discovery and progressing the matter to trial. Defendant is cautioned that his failure or refusal to comply with this order will have serious future consequences, including the imposition of evidentiary sanctions, payment of costs and attorney's fees, an entry of default, and the dismissal of his counterclaims for failure to prosecute.  *See* Fed. R. Civ. P. 37(b).

---

[1] The December 2008 date was provided in the plaintiff's brief.  The defendant did not file any notice of serving Rule 26(a)(1) initial disclosures, and the exact date of service remains unknown.

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel (Doc. 34) is granted.

2. The settlement conference previously set for August 11, 2009 is cancelled.

3. Defendant is given a final extension of time until and including **August 11, 2009** to produce all information that is responsive to the plaintiff's Requests for Production of Documents.

4. Pursuant to Fed. R. Civ. P. 37(d), plaintiff is awarded its reasonable costs and attorneys' fees incurred in connection with the filing of this Motion to Compel. The parties are given until **August 20, 2009** to reach an agreement as to the amount of the fee award. If the parties are unable to reach an agreement, plaintiff may file a "Motion for Attorney Fees" no later than **August 31, 2009**.

5. A status conference will be held on **Friday, September 18, 2009 at 11:00 AM**, by telephone conference call initiated by plaintiff's counsel.

**DATED August 3, 2009.**

                                            **BY THE COURT:**

                                            s/ F.A. Gossett
                                            **United States Magistrate Judge**