# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MOLECULAR DIAGNOSTICS OF** | ) | |
| **EASTERN OMAHA, LLC, n/k/a** | ) | |
| **NEBRASKA ADVANCED RADIOLOGY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:08CV248** |
| **vs.** | ) | |
| | ) | **ORDER** |
| **RAJEEV BATRA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

On August 3, 2009, the court entered an order granting the plaintiff's motion to compel discovery and awarding plaintiff its reasonable costs and attorneys' fees incurred in connection with the filing of the motion to compel.  The plaintiff was given leave to file an application for attorneys' fees if counsel could not  reach an agreement as to the amount of the fee award by August 20, 2009.  Defendant counsel did not respond to plaintiff's requests for payment, *see* Doc. 42-2 at ¶¶ 5-7.  Consequently, plaintiff filed an application for attorneys' fees (Doc. 41) in accordance with the August 3, 2009 order.

The defendant did not file any response to the application; however, plaintiff's pending application was discussed during the telephonic planning conference held on September 18, 2009.  Defense counsel, T. Paul S. Chawla, generally argued that the amount requested was excessive.

Fed. R. Civ. P. 37(b)(2)(C) contemplates the payment by the "disobedient party" of "the reasonable expenses, including attorney's fees," caused by the party's failure to provide discovery.  The court has considered the plaintiff's application in the context of the record as a whole, noting that the defendant

- did not provide any discovery in this case until after he was ordered to do so,

- did not respond to the underlying motion to compel, even after defense counsel represented to the court that he would do so,

- did not respond to plaintiff's invoice for payment, and

- did not respond to the plaintiff's written application for attorneys' fees.

The defendant's conduct caused the plaintiff to incur expenses in attempting to obtain basic discovery and caused the cancellation of the settlement conference previously set for August 11, 2009.

Plaintiff's Index of Evidence (Doc. 42) shows that plaintiff's counsel expended 8.7 hours in preparing and presenting the motion to compel and an additional 2 hours attempting to negotiate the fee award with defense counsel.  In the absence of any proper objection from the defendant, the court finds that counsel spent a reasonable amount of time in conjunction with the motion to compel, and counsel's hourly rate of $190 per hour reflects a reasonable charge for professional legal services in this court by lawyers regularly employed to perform like services.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A),

**IT IS ORDERED** that plaintiff's Application for Attorneys' Fees (Doc. 41) is granted in the amount of $2,033.00, to be paid by the defendant to plaintiff's counsel, William J. Birkel, on or before September 30, 2009.

**DATED September 21, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**